67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwayne HARRIS, Petitioner-Appellant,
v.
Arthur TATE, Jr., Warden, Respondent-Appellee.
 No. 94-4194.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: NELSON, RYAN and McKAY,* Circuit Judges.
 
 ORDER
 
 2
 Dwayne Harris, an Ohio pro se prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Harris was convicted by a jury of one count of rape with a firearm specification (twelve to fifteen years of imprisonment), felonious assault with the same specification (thirteen to twenty-five years of imprisonment) and kidnapping with the same specification (thirteen to twenty-five years of imprisonment). These sentences include a three-year term of actual incarceration on the gun specifications to be served consecutively, with the balance of the sentences to be served concurrently to one another. Petitioner has exhausted his available state court remedies.
 
 
 4
 In his habeas corpus petition, Harris raised five claims for relief, four of which dealt with the prosecution's alleged misconduct. Harris alleged that the prosecutor:
 
 
 5
 1) improperly elicited testimony from a witness regarding the defendant's criminal record;
 
 
 6
 2) improperly questioned Harris regarding his prior conviction for rape;
 
 
 7
 3) improperly commented that defendant lied and was not innocent; and
 
 
 8
 4) improperly commented during closing argument that defense counsel never once said that Harris was innocent.
 
 
 9
 As his fifth claim, Harris argued that the evidence was insufficient to support his conviction.
 
 
 10
 A magistrate judge recommended denying Harris habeas corpus relief. Upon de novo review in light of the petitioner's objections, the district court accepted the recommendation of the magistrate judge and dismissed the case.
 
 
 11
 On appeal, Harris continues to argue the merits of his case. The respondent has notified the court that he will not be filing a brief.
 
 
 12
 Upon de novo review, we affirm the district court's judgment because Harris was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The prosecutor's conduct was not so egregious as to deny petitioner a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974); Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc). After reviewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 13
 As noted by the district court, the victim's (Jones) identification of Harris on two occasions, in addition to her accurate initial description of the defendant and his automobile, the presence of Jones's earring and Jones's blood stains in Harris's automobile, as well as the match between the handgun found in Harris's apartment and the bullet removed from Jones, provided the jury with very substantial evidence of Harris's guilt; so substantial that any error in the proceedings was harmless beyond a reasonable doubt.
 
 
 14
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Monroe G. McKay, Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation